# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**SHANNON CEDATOL**                                                                 **PLAINTIFF**

**V.**                                                       **CIVIL ACTION NO. 2:11-CV-120-KS-MTP**

**RUSSELL BRANDS, LLC; et al.**                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** the Motion for Summary Judgment [150] filed by Defendant Russell Brands, LLC. Defendant's alternative Motion for Partial Summary Judgment [152] is **moot**.

## I. BACKGROUND

This is a product liability case. Plaintiff was an employee at Sumrall Recycling, a recycling plant in Sumrall, Mississippi. She operated a conveyor belt that carried bottle caps into a grinder. One day she noticed that some bottle caps were falling from the top of the conveyor belt to the lower portion of it. She decided to catch the falling caps by sticking her arm into a 4-inch gap between the conveyor's frame and belt – between the top and bottom of the conveyor belt, amidst the rollers which turn the belt, while the conveyor was operating at full speed. A roller caught her hand and pulled her arm into the machine. She was severely injured.

Plaintiff asserted various claims under the Mississippi Product Liability Act ("MPLA"),[1] including claims for design defects, manufacturing defects, and warning

---

[1] MISS. CODE ANN. § 11-1-63 (2012).

defects. Defendant Russell Brands, LLC filed a Motion for Summary Judgment [150], which is ready for the Court's review.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue

2

for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

## III. DISCUSSION

### A.   *MPLA Claims*

Defendant presented several arguments in its motion. It is only necessary for the Court to address one of them. Summary judgment in Defendant's favor is appropriate because Plaintiff assumed the risk of inserting her arm into the conveyor belt.

The MPLA codified the common-law defense of "assumption of the risk:"

> In any action alleging that a product is defective pursuant to paragraph (a) of this section, the manufacturer or seller shall not be liable if the claimant (i) had knowledge of the product that was inconsistent with his safety; (ii) appreciated the danger in the condition; and (iii) deliberately and voluntarily chose to expose himself to the danger in such a manner to register assent on the continuance of the dangerous condition.

MISS. CODE ANN. § 11-1-63(d) (2012). "Assumption of the risk applies where a person freely and voluntarily chose to encounter a dangerous condition. [It] arises from a mental state of willingness, or a mental state approaching consent." *Green v. Allendale Planting Co.*, 954 So. 2d 1032, 1041 (Miss. 2007). "Whether an injured party assumed a particular risk of harm is . . . measured by a subjective standard. The injured party's conduct must be judged in light of his own knowledge rather than what he 'should have known.'" *Alexander v. Conveyors & Dumpers, Inc.*, 731 F.2d 1221, 1223-24 (5th Cir. 1984).

Plaintiff's deposition testimony indicates that she had knowledge of and appreciated the danger posed by the pinch point between the roller and the bottom

3

conveyor belt, and that she deliberately and voluntarily chose to expose herself to that danger. Plaintiff believed that it would be safe for her to insert her hand into the gap as long as she kept her hand close to the top belt. She stated: "I thought I was not in any danger, being that I was at the top part, you know, the worst that could happen would be to go to the lift away from the wheel, if I were to touch the belt." But she acknowledged that the pinch point between the roller and bottom belt posed a significant danger: "The bottom part, yes, is extremely dangerous." She admitted that she tried to avoid touching the bottom belt for that reason.

Plaintiff argues that she did not perceive any danger because she believed she was safe as long as she kept her hand near the upper belt. The illogic of this argument is evident. If Plaintiff had not perceived any danger, she would not have tried to avoid the bottom belt – which she admitted she knew was "extremely dangerous." The Mississippi Supreme Court has acknowledged that one may knowingly and voluntarily expose one's self to a danger while also guarding against it. *Green*, 954 So. 2d at 1041 (one who voluntarily exposes herself to a "known and appreciated danger . . . may not recover for injuries sustained thereby, even though [she] was in the exercise of ordinary care or even of the utmost care."). There is no genuine dispute of material fact on this point: Plaintiff knew that the bottom belt and roller posed an extreme danger, but she knowingly and voluntarily stuck her arm into the conveyor belt. "[O]ne who voluntarily attempts a rash, imprudent, and dangerous undertaking is to be presumed to have assumed the risk incidental thereto." *Id.* Summary judgment, therefore, is appropriate.

## B. *Negligence*

Plaintiff asserted general negligence claims alongside her MPLA claims. They arise from the same alleged breaches of duty as her MPLA claims. Although this sort of alternative pleading is permissible, the general negligence claims are still product liability claims governed by the MPLA. *McSwain v. Sunrise Med., Inc.*, 689 F. Supp. 2d 835, 845 (S.D. Miss. 2010). For the same reasons stated above, the Court finds that summary judgment is appropriate as to Plaintiff's general negligence claims.

## IV. Conclusion

For the reasons stated above, the Court **grants** the Motion for Summary Judgment [150] filed by Defendant Russell Brands, LLC. Defendant's alternative Motion for Partial Summary Judgment [152] is **moot**.

SO ORDERED AND ADJUDGED this 30th day of May, 2013.

*s/Keith Starrett*
**UNITED STATES DISTRICT JUDGE**